UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MOORE,

        Petitioner,

                                            Case Number 1:15-CV-12905
v.                                       Honorable Thomas L. Ludington

DEWAYNE BURTON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE

Michigan prisoner Eric Moore ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction for being a prisoner in possession of a weapon, which is currently pending before this Court. In his habeas petition, he raises claims concerning the trial court's alleged failure to inform him of the dangers of self-representation, the refusal to appoint substitute counsel, and the denial of an expert witness request. On June 1, 2016, Petitioner filed a motion to hold his petition in abeyance and stay the proceedings so that he may pursue additional claims concerning the use of shackles at trial and the trial court's failure to inquire into his competency to waive counsel and represent himself at trial. ECF No. 12.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern. The petitioner must also demonstrate

"good cause" for the failure to exhaust state remedies before proceeding in federal court, that the petitioner has not engaged in intentionally dilatory litigation tactics, and that the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. First, his current claims appear to be exhausted. Second, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on direct appeal on June 19, 2015, and the time for seeking a writ of certiorari with the United States Supreme Court expired on September 17, 2015. Given that Petitioner dated his federal habeas petition on August 7, 2015, none of the one-year limitations period had run when he instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is normally equitably tolled. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full year of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so. Petitioner fails to show the need for a stay.

Third, while perhaps not rising to the level of intentional delay, Petitioner fails to sufficiently explain his delay in seeking to pursue his additional claims, which would have been known to him at the time of trial and/or direct appeal. Fourth, Petitioner fails to establish good cause for not exhausting the additional issues in the state courts before seeking federal habeas review. While Petitioner states that he experienced periods of incompetency at the time of his direct appeal and initial habeas filing, he fails to support that assertion and/or indicate how his circumstances changed. Petitioner also asserts that he is untrained in the law and did not know how to proceed on his new issues. The lack of a legal education, ignorance of the law, and/or the lack of legal assistance, however, do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Harper v. Rivard*, No. 4:14-CV-14069, 2016 WL 1023004, *3 (E.D. Mich. March 15, 2016) (citing *Allen* and denying motion for a stay). Thus, while Petitioner's unexhausted claims appear to concern matters of federal law and may not be plainly meritless, he nonetheless fails to show that a stay is necessary or warranted in this case. Should Petitioner wish to have the Court dismiss the present petition, which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

Accordingly, it is **ORDERED** that Petitioner's motion to hold his habeas petition in abeyance and stay the habeas proceedings is **DENIED.**


Dated: September 23, 2016           s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2016.

> s/Michael A. Sian
> MICHAEL A. SIAN