UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MOORE, #241381,

        Petitioner,

v.                                  Case Number 1:15-cv-12905
                                      Honorable Thomas L. Ludington

DEWAYNE BURTON,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

In 2013, Michigan prisoner Eric Moore ("Petitioner") was convicted of being a prisoner in possession of a weapon following a jury trial in the Jackson County Circuit Court. He was sentenced, as a fourth habitual offender, to five to 15 years imprisonment in 2013. Now, Moore has filed a petition for habeas relief pursuant to 28 U.S.C. 2254. ECF No. 1. In his petition, he raises claims concerning the trial court's failure to inform him of the dangers of self-representation, the trial court's refusal to appoint substitute counsel, and the trial court's denial of an expert witness request. For the reasons set forth, the Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

**I.**

Petitioner's conviction arises from his possession of a weapon and an assault upon a corrections officer while confined at a prison in Jackson, Michigan in 2010. The Michigan Court

of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> While incarcerated at the Parnall Correctional Facility in December of 2010, defendant struck a corrections officer with a lock that was in a sock. He was charged with prisoner in possession of a weapon and assault of a prison employee, MCL 750.197c. Defendant underwent a competency evaluation performed by Dr. Michelle Hill and he was determined to be competent to stand trial. Defendant requested a second competency evaluation, which was granted. The second evaluation was performed by Dr. Steven Miller, who determined that defendant was competent to stand trial on the possession charge, but not on the assault charge. Thereafter, the prosecution dismissed the assault charge. Defendant requested a third competency evaluation, which was denied. Defendant also requested the appointment of a different court-appointed attorney on the ground that there had been a breakdown in his relationship with his court-appointed attorney. The trial court granted the request and a different attorney was appointed.
>
> In January 2013, the day scheduled for trial, defendant informed the court that there had been a breakdown in his relationship with his second court-appointed attorney and requested a different attorney. The trial court denied the request, holding that it was an unjustified attempt to secure another adjournment of his trial. Thereafter, defendant advised the trial court that he wanted to represent himself and did not want his second court-appointed attorney to represent him. Defendant did, in fact, proceed to represent himself at the trial. He made an opening statement, cross-examined the prosecution's witnesses, testified as a witness, and provided a closing argument.

*People v. Moore*, No. 315193, 2014 WL 2881066, *1 (Mich. Ct. App. June 24, 2014) (unpublished).

Following his convictions and sentencing, Petitioner pursued an appeal of right with the Michigan Court of Appeals raising the same claim presented on habeas review. The court denied relief on those claims and affirmed his convictions. *Id.* at *2–3. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims. The court vacated the part of the Court of Appeals' opinion which concluded that insanity is not a defense to a general intent crime, ruled that Petitioner failed to establish that any excluded evidence would have

supported an insanity defense, and denied leave to appeal in all other respects. *People v. Moore*, 497 Mich. 1043, 864 N.W.2d 335 (2015).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I. He was denied his Sixth Amendment due process rights where the trial court failed to fully explain the consequences and dangers of self-representation.

II. The trial court abused its discretion by failing to replace trial counsel where Petitioner showed a legitimate difference of opinion and trial strategy and by failing to grant an adjournment so Petitioner could obtain new counsel.

III. The trial court abused its discretion in denying Petitioner's request to call expert witnesses on his behalf.

Respondent has filed an answer to the petition contending that it should be denied because the claims lack merit.

**II.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). *See also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). *See also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted). *See also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S.

63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id. See also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412. *See also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the

state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). *See also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam). *See also Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

### A.

Petitioner first asserts that he is entitled to habeas relief because the trial court failed to properly advise him of the dangers of self-representation such that his request to represent himself and waive counsel was invalid. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the assistance of counsel, U.S. CONST. AMEND. VI; *Powell v. Alabama*, 287 U.S. 45, 53 (1932). *See also Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). The Sixth Amendment also guarantees indigent criminal defendants the right to the assistance of court-appointed counsel. *Gideon v. Wainwright,* 372 U.S. 335, 343 (1963). A waiver

of the right to counsel must be voluntary, knowing and intelligent. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *Faretta*, 422 U.S. at 835; *Jones v. Jamrog*, 414 F.3d 585, 593 (6th Cir. 2005). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). *See also Tovar*, 541 U.S. at 92.

The Sixth Amendment also grants a criminal defendant the right to self-representation, if he or she voluntarily and intelligently elects to do so. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 153 (2000); *Faretta v. California*, 422 U.S. 806, 819 (1975); *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (en banc). A criminal defendant who seeks to proceed *pro se* must generally be aware of the risks of self-representation so that "he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835. Such knowledge should include the nature of the charges, included offenses, the range of allowable punishments, possible defenses, and mitigating circumstances. *See Glass v. Pineda*, 635 F. App'x 207, 214 (6th Cir. 2015) (citing *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948)). The Supreme Court has "not prescribed any formula or script to be read to a defendant who states that he [or she] elects to proceed without counsel." *Tovar*, 541 U.S. at 88; *Glass*, 635 F. App'x at 214; (citing *Tovar*), nor is a formal or detailed inquiry constitutionally-required. *King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006). Rather, a court should consider the specific facts of the case, including the defendant's education or sophistication, the simplicity or complexity of the charges, and the stage of the proceedings. *Johnson v*. Zerbst, 304 U.S. 458, 464-65 (1938); *Tovar*, 541 U.S. at 88; *Glass*, 635 F. App'x at 214 (citing *Tovar*). The right to counsel and the right to defend oneself are viewed as correlative rights in that waiver of one necessarily constitutes an assertion of the other. *King*, 433 F.3d at

490. *See also United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2005). A habeas petitioner bears the burden of proving that his or her waiver of counsel was involuntary. *Pouncy v. Palmer*, 846 F.3d 144, 161 (6th Cir. 2017) (citing *Glass,* 635 F. App'x at 214; *Atkins v. Easterling*, 648 F.3d 380, 395 (6th Cir. 2011)).

The Michigan Court of Appeals denied relief on this claim finding that while the trial court did not strictly comply with state law procedural requirements in accepting Petitioner's waiver of the right to counsel/request to represent himself, the record showed that Petitioner unequivocally elected to represent himself. *See Moore*, 2014 WL 2881066 at *1-2.

Here, the record is clear that the state court's decision was neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts in light of the record. Petitioner knowingly, voluntarily, and unequivocally asserted his right to represent himself during his criminal proceedings. *See* 1/14/13 Trial Tr. at 21, 24, 30. Petitioner was 41 years old, was able to read and write, had significant experience with the criminal justice system as a repeat offender, and indicated familiarity with his case, relevant legal principles and defenses, and the court rules. *Id*. at 6, 8, 9–10. The charge against Petitioner was straightforward and he was well aware of the charge, as well as the facts underlying the charge and the maximum sentence that he faced. *See* 4/19/12 Prelim. Ex. Tr. at 4, 15–16. He was aware of his right to counsel, *see* 1/14/13 Trial Tr. at 5, 28–29, had previously been granted substitute counsel, and had consulted with counsel before trial. *See* 1/14/13 Trial Tr. at 5–18. After the trial court advised Petitioner that it would not appoint another attorney or further delay the proceedings, Petitioner repeatedly stated that he wished to represent himself. *See* 1/14/13 Trial Tr. at 21, 24, 30. Petitioner acknowledged that he might not understand the law as well as legal counsel, but said that he wanted to represent himself because he disagreed with counsel about trial strategy—namely the

evidence that he should present concerning his mental health status. *Id*. at 5–6, 11, 15, 30, 31. The trial court required appointed counsel to assist as standby counsel. *Id*. at 28. The record thus reflects that while the trial court did not specifically advise Petitioner of the dangers of self-representation, Petitioner was aware of such risks given his recognition that he was not as qualified as legal counsel and that he knowingly, voluntarily, and unequivocally waived his right to counsel and elected to represent himself (with the assistance of standby counsel).

The lack of formal warnings does not mean that Petitioner did not embark upon self-representation with his eyes open. *See Swiger v. Brown*, 86 F. App'x 877, 881–82 (6th Cir. 2004) (finding valid waiver of counsel, despite the lack of formal warnings about risks of self-representation, where trial court refused to appoint private legal counsel and indigent petitioner proceeded pro se rather than with a public defender). As another court has explained, "the 'ultimate' test of whether a defendant's choice is knowing is not the adequacy of the trial court's warning but 'the defendant's understanding.'" *Jones v. Walker*, 540 F.3d 1277, 1293 (11th Cir. 2008) (citing cases). Moreover, the Supreme Court has never held that the absence of formal warnings in and of itself requires reversal of a conviction or habeas relief where the record otherwise indicates that the defendant understood his or her rights and made a knowing waiver of the right to counsel. *See, e.g., Cordova v. Baca*, 346 F.3d 924, 926–27 (9th Cir. 2003) ("Because the Supreme Court has not spoken to the consequences of a trial court's failure to give proper *Faretta* warnings, a state court would be entitled to conclude that a defective waiver colloquy does not automatically result in a defective waiver – that a defendant's waiver was nonetheless knowing and voluntary...."). *See also United States v. McDowell*, 814 F.2d 245, 248–49 (6th Cir. 1987) (ruling that the failure to give a prophylactic warning or conduct a particular inquiry alone does not require reversal if the record indicates that the defendant had the requisite knowledge);

*United States v. Johnson*, 534 F.3d 690, 694 (7th Cir. 2008) (ruling that a trial court's failure to inform a defendant of the disadvantages of proceeding pro se was "not fatal, for the ultimate question is not what was said or not said to the defendant but rather whether he in fact made a knowing and informed waiver of counsel"); *Jones*, 540 F.3d at 1293 (stating that the failure to give on-the-record warnings does not always lead to reversal because the warnings are "not an end in themselves" but a means of ensuring that defendants do not waive fundamental constitutional rights without an adequate understanding of the consequences). To be sure, Petitioner neither alleges nor establishes that he was not informed of the criminal charge, possible sentence, or potential defenses, that he did not understand his rights, or that he was unaware of the risks of self-representation. *See Tovar*, 541 U.S. at 92 (noting that the defendant "has never claimed that he did not fully understand the charge or the range of punishment prior to pleading guilty); *Atkins v. Easterling*, 648 F.3d 380, 399 (6th Cir. 2011) (affirming denial of habeas relief where the record failed to establish that the defendant in fact did not know about a fine before waiving his right to counsel).

Additionally, the fact that the trial court appointed standby counsel, who assisted Petitioner throughout the trial (and sentencing), does not make Petitioner's request to represent himself equivocal. *See McKaskle v. Wiggins*, 465 U.S. 168, 176–77 (1984) (holding that *pro se* defendant's Sixth Amendment right to conduct his own defense was not violated by the unsolicited participation of standby counsel). While there is no constitutional right to "hybrid" representation or standby counsel, a trial court has discretion to allow a defendant to proceed in such a fashion. *McKaskle*, 465 U.S. at 183. *See also United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Petitioner proceeded under this scenario. The trial court conducted the proceedings in a manner which allowed Petitioner to represent himself and to utilize defense

counsel as he saw fit. In fact, the record shows that Petitioner cross-examined prosecution witnesses, presented his medical records (although the court rejected his request for expert witnesses), testified on his own behalf, and made arguments in support of his defense. *See* 1/14/13 Trial Tr. at 79–139, 140–59, 160–63. Petitioner cannot now complain that he was denied the right to counsel at trial. Petitioner voluntarily, intelligently, and knowingly waived his right to counsel and elected to represent himself (with the assistance of standby counsel) and that he was not denied his right to counsel.

Lastly, to the extent that Petitioner's argument is that the trial court (or the Michigan Court of Appeals) erred under state law, he fails to state a claim upon which relief may be granted in this case. A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Alleged trial court errors in the application of state procedural law are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). *See also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief is not warranted on this claim.

**B.**

Petitioner also asserts that he is entitled to habeas relief because the trial court denied his request for substitute counsel. As discussed, the Sixth Amendment provides for the right to counsel. The right to counsel encompasses the right to counsel of choice, but that right is generally cognizable only to the extent that a defendant can retain counsel with private funds; an indigent

defendant does not have an absolute right to choose appointed counsel. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Consequently, an indigent defendant who is dissatisfied with appointed counsel must show "good cause" to warrant the substitution of counsel. *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). Good cause can be shown by a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with counsel. *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985).

When evaluating a trial court's denial of a request for substitute counsel, a reviewing court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel v. Clair*, 565 U.S. 648, 663 (2012). *See also Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008) (citing *Iles*, 906 F.2d at 1131, n.8). The Sixth Circuit balances such factors with the public's interest in the prompt and efficient administration of justice. *Iles*, 906 F.2d at 1131, n. 8 (citing *Wilson*, 761 F.2d at 280). *See also United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001). The decision regarding whether to appoint new counsel at a defendant's request is committed to the sound discretion of the trial court and is entitled to deference absent an abuse of that discretion. *Martel*, 565 U.S. at 663–64; *United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir. 2004). A court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court." *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988).

The Michigan Court of Appeals reviewed this issue on direct appeal and denied relief. The court explained:

> Indigent defendants are guaranteed the right to counsel, but the appointment of substitute counsel is warranted only upon a showing of good cause and only if

> substitution will not unreasonably interrupt the judicial process. *People v. Mack*, 190 Mich. App. 7, 14, 475 N.W.2d 830 (1991). "Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic." *Id*. Accordingly, when a defendant claims that his appointed counsel is not adequate, diligent or is uninterested, the trial court should listen to the grievance and, if a factual dispute exists, take testimony on the matter. *People v. Strickland*, 293 Mich. App. 393, 397, 810 N.W.2d 660 (2011) (citation omitted).
>
> In this case, as discussed above, defendant requested substitute counsel because his second appointed counsel did not agree that testimony from mental health professionals regarding defendant's mental state was relevant to defend the charge of prisoner in possession of a weapon. Because such evidence was not relevant and, thus, was inadmissible, defendant failed to establish that a "legitimate difference of opinion" gave rise to good cause for the appointment of substitute counsel. Thus, the trial court did not abuse its discretion when it denied defendant's request.

*Moore*, 2014 WL 2881066 at *3.

On appeal, the Michigan Supreme Court vacated the part of the Michigan Court of Appeals' opinion which stated that insanity is not a defense to a general intent crime, but concluded that the evidence would not have assisted Petitioner in proving the insanity defense by a preponderance of the evidence. *Moore*, 497 Mich. at 1043.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner fails to show that substitution of appointed counsel was warranted in this case. The first factor, the timeliness of the request (for his third court-appointed counsel), weighs against Petitioner because his request was made on the day of trial. *See Trujillo*, 376 F.3d at 606 (request for substitute counsel made three days before trial was untimely). *See also United States v. Chambers*, 441 F.3d 438, 447 (6th Cir. 2006) (request for substitute counsel made one and a half months before trial was untimely). The second factor, the adequacy of the trial court's inquiry, weighs against Petitioner because the trial court allowed him to explain in detail his concerns about counsel's representation. The court also heard

from trial counsel on the matter. The third factor, the extent of the conflict or breakdown in communication, weighs in Petitioner's favor to the extent that he and counsel disagreed about providing mental health expert testimony, but against him overall because he fails to show that the conflict was significant enough to justify a substitution. Petitioner and counsel's disagreement over the relevancy and value of mental health expert testimony reflects a difference of opinion on trial strategy, not a breakdown in their relationship or total lack of communication. *See Adams v. Smith*, 280 F. Supp. 2d 704, 720 (E.D. Mich. 2003). Moreover, the record reveals that counsel provided Petitioner with materials relevant to his case, advised him about his defense, and was prepared for trial. Petitioner fails to show that he and counsel would have been unable to communicate or work together to present a defense at trial. Lastly, the public's interest in the prompt and efficient administration of justice weighs against Petitioner because the substitution of counsel would have further delayed the proceedings and resulted in additional costs to the parties and the court. Petitioner fails to show that substitute counsel was warranted. More importantly, for purposes of federal habeas review, he fails to establish that the state courts' denial of relief on this issue was unreasonable. Habeas relief is not warranted on this claim.

## C.

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court denied his request to call mental health expert witnesses. As an initial matter, it is notable that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for habeas relief. *Estelle*, 502 U.S. at 67–68; *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the errors render the proceeding so fundamentally unfair as to deprive the petitioner of due process under

the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)). Accordingly, to the extent that Petitioner asserts that the state courts erred under Michigan law, he fails to state a claim upon which habeas relief may be granted. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). *See also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Petitioner also asserts that he was denied due process and the right to present a defense. The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. Texas*, 388 U.S. 14, 19 (1967). *See also Holmes v. South Carolina*, 547 U.S. 319, 329-31 (2006) (state rule excluding evidence of third party guilt based solely on strength of prosecution's case violated defendant's right to present a defense); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (exclusion of hearsay statements critical to defense which "bore persuasive assurances of trustworthiness," coupled with refusal to permit cross-examination of the declarant, violated defendant's right to due process). A defendant's right to present evidence is not unlimited, however, and may be subject to "reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). A defendant "does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissable under standard rules of evidence." *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)); *see also Holmes*, 547 U.S. at 326 (recognizing that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury").

State rules excluding evidence from criminal trials "do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *Scheffer*, 523 U.S. at 308 (internal citations omitted). "A defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interest in the criminal trial process." *Id*. When deciding if the exclusion of evidence impairs a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result. The question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). *See also Chambers*, 410 U.S. at 302.

In this case, the Michigan Court of Appeals concluded that the trial court did not abuse its discretion in denying Petitioner's request to call mental health experts as witnesses at trial. The court found that the testimony was not relevant and thus not admissible. *Moore*, 2014 WL 2881066 at *3. On appeal, the Michigan Supreme Court vacated the part of the Court of Appeals' opinion which stated that insanity is not a defense to a general intent crime, but concluded that the evidence would not have assisted Petitioner in proving the insanity defense by a preponderance of the evidence. *Moore*, 497 Mich. at 1043.

The state court's decision was neither contrary to Supreme Court precedent nor an unreasonable application thereof. Petitioner was not denied the right to present a defense by the trial court's ruling. While Petitioner was not allowed to call expert testimony, he was allowed to present mental health reports, testify in his own defense about his mental health and his version of events, and make arguments in support of his defense. This was sufficient to satisfy due process. Additionally, Petitioner fails to allege or establish with any specificity what the mental health professionals would have testified to and how it would have benefitted his defense.

Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief). *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Given such circumstances, Petitioner fails to show that the trial court's refusal to allow him to call expert witnesses deprived him of a meaningful opportunity to present a complete defense or that the evidentiary ruling otherwise rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

**D.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims. Accordingly, the Court will deny a certificate of appealability. The Court will also deny leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner Moore's petition, ECF No. 1, is **DISMISSED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: June 8, 2018
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 8, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager